IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE AGUILAR, | : | No. 3:24cv1011 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| JASEN BOHINSKI, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Jorge Aguilar ("Aguilar") is a state inmate confined at the State Correctional Institution, Dallas, Pennsylvania. He filed the instant habeas petition pursuant to 28 U.S.C. § 2241 seeking to expedite a future deportation order. (Doc. 2). For the following reasons, the court will summarily dismiss the petition for lack of jurisdiction.

I. **Factual Background & Procedural History**

In June of 2020, Aguilar pled guilty to one count of sexual assault in the Lackawanna County Court of Common Pleas. Commonwealth v. Aguilar, No. CP-35-CR-0000088-2020 (Lackawanna Cnty. Ct. Com. Pl.). On March 9, 2021, he was sentenced to five to ten years in state prison and ruled a sexually violent predator. Id.

In May of 2024, Aguilar filed the instant § 2241 federal habeas petition in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2). Shortly thereafter, the matter was transferred to this court. (Doc. 4). Aguilar seeks to expedite a future deportation order that will follow his release from state custody and transfer to federal authorities. (Doc. 2). He argues that he "can waive the right to a deportation hearing so that [he] may return to [his] country upon the service of the minimum term imposed." (Id. at 3). As such, Aguilar requests that this court accept his consent to waive a deportation hearing and issue an order compelling the Department of Corrections to transfer him to the custody of the United States Marshals Service to begin deportation proceedings. (Id. at 7).

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See R. Governing § 2254 Cases R. 4, 1(b). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that

2

appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

### III. Discussion

In order to obtain habeas jurisdiction, Aguilar must demonstrate that he was "in custody" pursuant to 28 U.S.C. § 2241(c)(3). "Custody is measured as of the time that the petition was filed." Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (*per curiam*) (nonprecedential). When Aguilar filed the instant petition, he was, and still remains, serving his state sentence. Aguilar fails to show that he is being held pursuant to an immigration detainer. Therefore, Aguilar was not "in custody" for purposes of establishing habeas jurisdiction over the immigration proceedings. 28 U.S.C. § 2241(c)(3).

Furthermore, Aguilar seeks to expedite a future deportation order that will follow his release and transfer to federal authorities from the current state sentence he is serving at SCI-Dallas. It is clear that Aguilar is challenging the potential that an order of removal may be entered against him through immigration proceedings yet to take place. According to 8 U.S.C. § 1252, challenges to removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Id. § 1252(b)(2). Thus, in seeking review of an order of removal lodged in this district, a petitioner must file his petition for review in the Third Circuit—not in this court.

"[T]his rule cannot be circumvented by presenting the challenge as a habeas petition." Aldena v. Napolitano, No. 10-3723, 2010 WL 5172875, at *1 (D.N.J. Dec.14, 2010) (citing 8 U.S.C. § 1252(a)(5); Khouzam v. U.S. Att'y Gen., 549 F.3d 235, 244-45 (3d Cir. 2008); Jimenez v. Holder, 338 F. App'x 194, 196 (3d Cir. 2009) (nonprecedential)).

In accordance with the above authority, this court lacks jurisdiction to consider the legality of Aguilar's potential deportation. When a petition is dismissed for lack of jurisdiction, courts have discretion to transfer that petition to a court that has jurisdiction. Under 28 U.S.C. § 1631:

> Whenever a...petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court...in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Here, the court will not transfer the petition to the Third Circuit. As previously explained, the deportation proceedings have yet to fully begin as Aguilar is still serving his state sentence at SCI-Dallas. Aguilar seeks to expedite his future deportation order. Thus, his claim is unripe at this juncture, and the Third Circuit likely would not have jurisdiction over the petition at this time. See Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe

4

for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

## IV. Conclusion

The court will summarily dismiss Aguilar's habeas petition due to lack of jurisdiction. (Doc. 2). An appropriate order shall issue.

Date: July 26, 2024

JUDGE JULIA K. MUNLEY
United States District Court